Shadrach Rutland and Parthena Carter, daughter of Isaac Carter, Hertford County, were married 12 November, 1775. About the middle of 1776 a negro woman, Nann, with a young child, Saul, was sent by Mr. Carter to said Shadrach and Parthena. Nann's issue since is Bob, Hastie, Tibbie and Lydia. Some time in 1781 said Shadrach and Parthena were on a visit at Mr. Carter's, and they were directed to take a negro boy, Peter, home with them. Again, in 1782 or 1783, said Shadrach and Parthena were on a visit at Mr. Carter's, and they were directed to take a negro girl, Maggie, home with them. Maggy's issue is Homer, Penny, Violet and Willis.
Mrs. Parthena Rutland died in August, 1788, and Isaac Carter died 8 July, 1792.
It was also admitted on the trial that Isaac Carter had bequeathed these negroes, by his last will, to his grandchildren by Parthena, and the executor had made the usual demand, and that the defendant was in possession.
When a man sends property with his daughter upon her marriage, or to his son-in-law and daughter any short time after the marriage, it is to be presumed prima facie that the property is (98) given absolutely in advancement of his daughter; and when the property is permitted to remain in the possession of the son-in-law for a considerable length of time, as in this case, it will be necessary *Page 71 
to prove very clearly that the property was only lent by the father, and that it was expressly and notoriously understood not to be a gift at the time. The peace of families and the security of creditors are greatly concerned in the law being thus settled. Every transaction in human life ought to be considered under its ordinary circumstances. These will sufficiently express the intention of the parties, and generally more unequivocally than the appointed solemnities of the law. This property was given in the usual manner — that is, sent with them on their going to housekeeping, as it is called, or sent to them as soon as the parent could make the necessary arrangements in his farm or family for that purpose.
Under this charge, there was a verdict and judgment for the defendant.
Cited: Parker v. Phillips, post, 452; Torrence v. Graham, 18 N.C. 288;Hollowell v. Skinner, 26 N.C. 172; S. v. Bethune, 30 N.C. 146; Overbyv. Harris, 38 N.C. 257.